**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ANDRE D. THOMPSON, | Case No. 1:25-cv-2535 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Reuben J. Sheperd |
| CITY OF SHAKER HEIGHTS, | |
| Defendant. | |

## OPINION AND ORDER

Plaintiff Andre D. Thompson filed this action without a lawyer against the City of Shaker Heights. He alleges violations of his federal civil rights under 42 U.S.C. § 1983 for violations arising from a 2002 prosecution and conviction in Shaker Heights Municipal Court.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2002, when Plaintiff was 22, he was charged with domestic violence in Shaker Heights, Ohio. (ECF No. 4, ¶¶ 2 & 12, PageID #67–68.) In his amended complaint, Plaintiff alleges that the complaining witness failed to appear, despite being subpoenaed. (*Id.*, ¶ 13, PageID #68.) When the complaining witness failed to appear, the municipal court issued a contempt summons. (*Id.*, ¶ 14.) Plaintiff claims that he was not informed of these facts at the time. (*Id.*, ¶ 15.) Instead, he was brought directly to court from jail, where he was held on another charge. (*Id.*, ¶¶ 17–18.) When he appeared on the domestic violence charge, he did not have

counsel and entered a plea of no contest without knowing that the prosecution had no admissible evidence. (*Id.*, ¶¶ 19–20.) Had he known the complaining witness did not appear, he would have insisted on dismissal of the charge. (*Id.* ¶ 25.) In the amended complaint, Plaintiff pleads that, in 2025, he "obtained newly discovered records confirming these facts." (*Id.*, ¶ 21.) Plaintiff now contends that his plea was "not knowing, intelligent, or voluntary" because he was not informed of material facts. (*Id.*, ¶ 29.)

Plaintiff brings three claims under Section 1983: (1) a due process violation under the Fourteenth Amendment; (2) malicious prosecution; and (3) *Monell* liability. (*Id.*, ¶¶ 26–41, PageID #68–69.) Plaintiff seeks compensatory and punitive damages, and attorneys' fees and costs. (*Id.*, PageID #69–70.)

Plaintiff filed a motion for leave to proceed *in forma pauperis* (ECF No. 2) and a motion for leave to file an exhibit under seal, which apparently consists of his confidential medical and psychological treatment records and relate to his claim for damages (ECF No. 3). The Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis*.

## ANALYSIS

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Under 28 U.S.C. § 1915(e)(2)(B), a federal court must review all complaints filed *in forma pauperis* and dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary

relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).

Section 1983 does not provide a statute of limitations. Therefore, federal courts borrow the applicable limitations period from the most analogous one available under State law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996). For the claims Plaintiff asserts, the most closely analogous statute is Ohio's two-year limitations period for personal injuries in Section 2305.10(A) of the Ohio Revised Code.

Federal law governs when a plaintiff's federal claims against a defendant accrue. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *see Green v. City of Southfield*, 759 F. App'x 410, 414 (6th Cir. 2018) (citing *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)). "The statute of limitations commences when the plaintiff knows or has reason to know of the injury which is the basis of h[is] action." *Green*, 759 F. App'x at 414 (quoting *Sevier*, 742 F.2d at 273) (cleaned up). A plaintiff has reason to know of his injury when it could have been learned of through the exercise of reasonable diligence. *Id.*

Plaintiff contends that he did not learn of the issues with his municipal court case, including, the unavailability of the witness, the subpoenas, and the contempt summons, until 2025 through newly discovered records. (ECF No. 4, ¶ 21, PageID #68.) But the court records at issue, including the summons for contempt are public documents. Even if, contrary to normal practice they were not filed on a public docket, nothing prevented Plaintiff from learning this same information years earlier through the exercise of reasonable diligence. Because Plaintiff knew of his injury (his

3

conviction) when it occurred, his cause of action accrued then. *Green*, 759 F. App'x at 414. And Plaintiff's Section 1983 causes of action for monetary damages are barred by the two-year statute of limitations. In fact, the conviction in municipal court occurred over 20 years ago, well outside the limitations period. Accordingly, Plaintiff's complaint fails to survive screening under Section 1915.

Additionally, the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars Plaintiff's damages on the basis of the "unlawful conviction" in the Shaker Height Municipal Court. In *Heck*, the Supreme court held that a plaintiff may not pursue a Section 1983 claim for damages arising out of an allegedly unlawful conviction unless and until he proves that the conviction has already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. Nothing in Plaintiff's complaint suggests that his conviction or sentence upon which his complaint is based has been called into question or invalidated as *Heck* requires.

Finally, to the extent Plaintiff seeks review of his conviction in municipal court, the Court lacks jurisdiction to do so. Federal courts do not have jurisdiction to overturn State court decisions, even if the request to reverse a State court judgement is based on an allegation that the State court's action was unconstitutional. *See, e.g., Black v. Falvey*, No. 5:17-cv-2011, 2018 WL 501313, at *1 (N.D. Ohio Jan. 22, 2018) (dismissing *pro se* action seeking relief from municipal court conviction); *see also Bey v. Weisenburger*, No. 3:23-cv-356, 2023 WL 3601911, at *3 (N.D. Ohio May 23, 2023)

4

(dismissing *pro se* plaintiff's civil rights complaint challenging the legality of his convictions in a municipal court).

## CONCLUSION

For all these reasons, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2), **DISMISSES** Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and **DENIES AS MOOT** Plaintiff's motion for leave to file under seal (ECF No.3). Further, pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this decision could not be taken in good faith.

**SO ORDERED.**

Dated: November 24, 2025

J. Philip Calabrese
United States District Judge
Northern District of Ohio